## VALUE OF A BOY'S LEG.

Court of Appeals for Hamilton County.

THE CINCINNATI TRACTION COMPANY AND THE ADAMS EXPRESS
COMPANY v. JOHN WYNNE, GUARDIAN OF JAMES
RUSSELL WYNNE, AN INFANT.*

Decided, July 6, 1915.

*Negligence—Joint Tort Feasors—Determination as to the Liability of
Both or Either—Joint Enterprise—Fellow-Servant—Charge of
Court—Damages for Loss of a Leg by a Boy.*

1. The negligence of the driver of an express company's wagon can not
be imputed to the wagon boy, who was to some extent under the
direction of the driver, and whose business it was to keep watch
that no packages were lost or stolen; nor can it be said that the
driver and boy were engaged in a joint enterprise; and as to
whether or not they were fellow-servants was a question properly
left to the jury under the evidence adduced.

2. Where two parties have been made defendants as joint tort feasors,
the question may properly be submitted to the jury whether the
injury complained of was due to the concurrent negligence of both,
or whether it was caused by the negligence of either.

3. The court regards a judgment of $10,000 in favor of a fourteen year
old boy for the loss of a leg as excessive, and the plaintiff below
is given the choice of acceptance of $7,500, or a reversal.

*Robertson & Buchwalter,* for Adams Express Co.

*George H. Warrington* and *Robert S. Marx,* for Cincinnati
Traction Co.

*Littleford, James, Ballard & Frost,* contra.

GORMAN, J.

On November 7, 1911, about 6:30 P. M., a street car of the
Cincinnati Traction Company and a wagon of the Adams Ex-
press Company collided at the corner of Ninth street and Free-
man avenue in the city of Cincinnati. As a result of this colli-

*Affirming *Wynne, Guardian,* v. *Cincinnati Traction Co.,* 18 N.P.(N.
S.), 409, with the exception of the amount of damages to be allowed.

sion James Russell Wynne, a fourteen year old wagon boy employed by the Adams Express Company, was thrown from the wagon and sustained injuries which required the amputation of his left leg about three inches below the knee. John Wynne, his guardian, commenced this action against both defendant companies as joint tort feasors.

The plaintiff in his petition alleged that the boy was injured as the result of the concurrent negligence of the two defendant companies and that the negligence of both was the proximate cause of the boy's injuries. It was claimed that the negligence of the traction company's employee consisted in running the car at a high and excessive rate of speed without giving any warning of its approach and without the motorman being on the lookout and without having his car under proper control. Plaintiff alleged that the negligence of the Adams Express Company was that the driver of the wagon upon which the boy was riding, was in driving at a high and reckless rate of speed and that the driver failed to keep a lookout when approaching the crossing at Ninth and Freeman streets. The boy was standing upon the rear part of the wagon, which was heavily loaded, where it was his duty to stand as assistant to the driver of the wagon. When the collision occurred the wagon was struck near the left hind wheel and the boy was thrown under the wheels of the street car and his left leg was badly mangled, so that an immediate operation and amputation were necessary.

Upon the trial of the case the jury returned a verdict in favor of the plaintiff as guardian of James Russell Wynne in the sum of $15,000. The trial court on the application for new trial found the verdict excessive in the sum of $5,000, and decided that a new trial would be granted unless the plaintiff would consent to a remittitur. Plaintiff accepted this reduction and judgment was entered in his favor for $10,000. The cause is now in this court on error to reverse the judgment of the court of common pleas.

The Cincinnati Traction Company, plaintiff in error, claims that the negligence of the express company's driver was the sole proximate cause of the boy's injury, while the Adams Express

Company claims that the sole proximate cause of the boy's injury was the negligence of the motorman of the traction company.

This is one more instance of the thousands which have occurred since the comedy enacted by Adam and Eve in the Garden of Eden, where each sought to excuse misconduct by shifting the blame on to the other or the serpent.

We are satisfied that each of the plaintiffs in error has demonstrated that the other was guilty of negligence proximately contributing to the injury of the boy. We think the evidence in this case was sufficient to warrant the jury in finding that the negligence of both the traction company's motorman and the express company's driver contributed directly and proximately to the injuries of this boy. The negligence of the driver of the wagon could not be imputed to the boy. He had no part in the driving of the wagon nor any control over the driver; his place was on the rear end of the wagon, and he was standing there when he was injured.

It was proper to submit the question to the jury, as the court did, whether or not the boy's injury was the result of the concurrent negligence of the two defendants below or whether it was the result of the negligence of either.

It is claimed by the traction company that the driver of the wagon and the wagon-boy who was hurt were engaged in a joint enterprise, and therefore the boy can not recover if his injury was caused or partly caused by the negligence of the driver of the wagon.

We are unable to say on the evidence in this case that the boy and the driver of the wagon were engaged in a common enterprise because they happened to be employed by the same employer and were both upon the wagon at the time the boy was injured. There was evidence tending to show that the driver of this wagon had authority and direction over the boy and that he was the assistant to the driver, and that the driver gave orders to the boy as to what he was to do. We think the jury were warranted in finding that the driver was a superior of the boy and stood in the place of his employer, the Adams Express

Company, in his relation towards the boy. The boy had nothing to do with the driving of the team; he was not even sitting upon the front seat with the driver. No part of his duties required him to either drive the team or to keep a lookout for the driver. He had no interest whatsoever in the driving of the team, and we can see no application in this case of the rule laid down in *Kistler* v. *R. R. Co.*, 66 O. S., 326. If the boy and the driver had owned the wagon and were using it in the prosecution of their joint business, then there might be some foundation for the claim that they were engaged in a joint enterprise. *Railway Co.* v. *Fippin,* 13 C. C. (N.S.), 125.

It is claimed by both the plaintiffs in error that the amount of the damages is excessive even after the remittitur made by the trial court, and this court is of the opinion that a $10,000 verdict would be excessive under the circumstances. The boy's left leg below his knee has been lost, and there is no doubt but that he suffered great pain and anguish, but so far as his ability to earn a livelihood is concerned we think that will not be impaired to the extent claimed by his counsel. Upon a full consideration of this question we are of the opinion that $7,500 would be ample compensation in this case, and that there should be a remittitur of $2,500 from the amount of the judgment entered by the court below. This court is authorized, in the exercise of a sound discretion, to make the acceptance of this remittitur of the excess a condition of refusing to grant a new trial, upon the authority of *Pendleton St. Ry. Co.* v. *Rahmann,* 22 O. S., 446.

It is claimed by counsel for the Cincinnati Traction Company that the court erred in charging the doctrine of "last chance" in this case. As we read the charge given by the court at the request of counsel for the Adams Express Company it does not involve the "last chance" doctrine. In order to make a "last chance" case it would have been necessary for the boy only to have been guilty of contributory negligence, and although this plea was set up by the traction company we are not able to find any evidence in the record to support the claim of contributory negligence. It is quite certain that the boy was not placed in

a perilous position by reason of his own negligence, but it was by reason of the negligence of the driver of the wagon.

We think that special charges Nos. 4 and 6 complained of were warranted under the rule laid down in *Street R. R. Co.* v. *Brandon*, 87 O. S., 187. This was a collision at a street crossing, and there was no "last chance" question raised in the case. Nevertheless, Judge Spear in deciding the case uses the following pertinent language, on page 196:

"But assuming that Brandon was guilty of some negligence in driving on the track, yet if the motorman in the exercise of even ordinary care, after he saw the horses and appreciated Brandon's peril, had time and opportunity to avoid the possible consequences by checking the car, and neglected to so exercise such care, such neglect would be negligence and might properly be regarded as the proximate cause of the injury."

As we have said, the negligence of the driver can not be imputed to the boy, and therefore if we assume that the driver was guilty of negligence which contributed proximately to the injury of the boy, nevertheless that situation does not present a "last chance" case.

We find no errors in the general charge, nor do we find that the boy was guilty of any contributory negligence.

We are of the opinion that the traction company and the express company were joint tort feasors in this case, and that the case of *Kopp* v. *B. & O. R. R. Co.*, 6 C.C.(N.S.), 103, affirmed by the Supreme Court, 70 O. S., 436, and the case of *Street Ry. Co.* v. *Murray*, 53 O. S., 570, as well as other cases of a similar kind, support this claim of the defendant in error that the plaintiffs in error were joint tort feasors.

The Adams Express Company claimed that the wagon-boy and the driver were fellow-servants. The court submitted that question to the jury under the evidence, and the jury found that they were not fellow-servants. We think there was evidence sufficient to warrant the jury in reaching this conclusion.

Counsel for the traction company complain of error on the part of the court in allowing the cause to proceed after one of the jurors became ill and complained of not feeling well, al-

though he continued and sat in the case with the other jurors until the case was finally disposed of. He complained of pains in his leg, and counsel for the traction company urges that his mind was so occupied with his own misery and pains that he was unable to give the traction company or the express company a fair trial. The juror did not ask to be excused, and the court did not excuse him. He continued to serve, and, for all that appears in the record, his affliction did not affect the verdict. We see no good reason why a reversal of this case should be predicated on a claim of this kind.

Upon an examination of the entire record we are of the opinion that the defendant in error should submit to a reduction of the judgment in the sum of $2,500, and if it does so, the judgment will be affirmed; otherwise it will be reversed, because in the opinion of the court the verdict and the judgment are excessive.

JONES (Oliver B.), J., concurs.

JONES (E. H.), P. J., dissenting:

I can not concur in the opinion that the judgment is excessive, and favor its unconditional affirmance.